IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMAR A. WILLIAMS, ) | |
| ) | |
| Plaintiff *pro se*, ) | |
| ) | Civil Action No. 22-cv-1882-LKG |
| v. ) | |
| ) | Dated: March 7, 2024 |
| NICHOLAS FONTANEZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 10, 2023, Plaintiff *pro se*, Lamar A. Williams, moved to alter, or amend the Court's June 5, 2023, memorandum opinion and order (ECF No. 82), that, among other things: (1) dismissed Plaintiff's second amended complaint (ECF No. 55); (2) denied Plaintiff's motion for leave to include complaint of obstruction of justice and possible collusion (ECF No. 57); and denied Plaintiff's Rule 7(b) emergency motion for relief (ECF No. 68). ECF No. 94; *see also* ECF No. 100. The Defendants have not filed a response to Plaintiff's motion. No hearing is necessary to resolve the motion. L.R. 105.6. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

Background

As background, this civil action involved claims that the Defendants defamed and discriminated and retaliated against Plaintiff, upon the bases of his race and sexual orientation, by terminating his employment. ECF No. 55. Plaintiff is a self-identified Black man, and a member of the LGBTQ community, who was formerly employed an engineer for the Baltimore City Department of Transportation ("DOT") Conduit Division.[1] *Id.* at ¶ 15.

---

[1] Plaintiff asserted the following claims against the Defendants: (1) Defamation (Count I); (2) Unlawful discrimination and retaliation in violation of the First Amendment and 42 U.S.C. § 1983 (Count II); (3) Violation of the equal protection clause of the Fourteenth Amendment (Count III); (4) Denial of due process (Count IV); (5) Negligence and dereliction of duty (Count V); (6) Violations of 18 U.S.C. §§ 241–42 (Count VI); (7) Intentional infliction of emotional distress (Count VII); and (9) disability, race,

On June 5, 2023, the Court granted the Defendants' motion to dismiss this matter (the "June 5, 2023, Decision"). In the June 5, 2023, Decision, the Court held that Plaintiff's defamation claims against the Defendants were either too vague and speculative to establish that any defamatory statements were made, or insufficient to support a defamation claim because the alleged defamatory statements were true. ECF No. 82 at 13-15. The Court also held that Plaintiff failed to state a plausible First Amendment claim, because his statements were not speech involving a matter of public concern, and he failed to sufficiently allege facts to show a causal relationship between his termination and "his declaration that he is polyamorous and queer." *Id*. at 17-18. For similar reasons, the Court also dismissed Plaintiff's Equal Protection Clause claim. *Id*. at 18.

In addition, the Court dismissed Plaintiff's Due Process claim, because Plaintiff failed to establish that his employer's statements were made public by the DOT. *Id*. at 19-20. The Court also dismissed Plaintiff's negligence and dereliction of duty claim, because: (1) dereliction of duty is not a civil cause of action under Maryland law and (2) Plaintiff neither identified any authority to establish that his employer has a duty to provide air conditioning, nor alleged any actual loss or injury resulting from his employer's failure to fix the HVAC unit at his workplace. *Id*. at 20-21. The Court similarly dismissed Plaintiff's criminal law claims, because Plaintiff identified no authority that would allow him to bring such claims in this civil action. *Id*. at 21. Lastly, the Court dismissed Plaintiff's intentional infliction of emotional distress, discrimination, and retaliation claims because: (1) Plaintiff failed to establish any of the elements of an intentional infliction of emotional distress claim and (2) Plaintiff failed to state plausible discrimination or retaliation claims against the Defendants. *Id*. at 21-28.

And so, for these reasons, the Court dismissed the second amended complaint. *Id*. at 30. The Court also denied Plaintiff leave to further amend the second amended complaint, because, among other things, the proposed amendment would be prejudicial to the Defendants and futile. *Id*. at 28-30.

Plaintiff, alleging error, seeks to alter or amend the Court's June 5, 2023, Decision pursuant to Fed. R. Civ. P. 59(e).

---

color, sex, age, and sexual orientation discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and § 1983 (Counts VIII−XIII). ECF No. 55 at ¶¶ 77–119).

2

Legal Standards

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *See* Fed. R. Civ. P. 59(e).  Pursuant to Rule 59(e), a party may move to alter or amend the Court's judgment within 28 days of entry.  Fed. R. Civ. P. 59(e).  But a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

Analysis

Plaintiff has not shown that any of the limited circumstances that would allow for relief under Rule 59(e) are present in this case.  While it is somewhat difficult to follow, a careful reading of Plaintiff's motion shows that Plaintiff does not seek relief from judgment to either: (1) accommodate an intervening change in controlling law; (2) account for new evidence not available at trial; or (3) correct a clear error of law or prevent manifest injustice.  Rather, Plaintiff seeks to relitigate the issues already addressed and decided by the Court in the June 5, 2023, Decision.  *See* ECF No. 94-1 at 5-6; 11-13.

Plaintiff's disagreement with the Court's decision to dismiss this matter, and to deny his motion for leave to further amend the second amend complaint, is understandable.  But, such disagreement is not a proper ground for obtaining relief under Rule 59(e).  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) ("a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.") (internal quotations omitted).  Because Plaintiff has not met his burden to show that relief under Rule 59(e) is warranted in this matter, the Court must DENY his motion to alter, or amend judgment.  Fed. R. Civ. P. 59(e).

Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to alter, or amend judgment (ECF No. 94).

The Clerk is **DIRECTED** to **CLOSE** the case.

No costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge